UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>STEPHEN ANTHONY NEARY,<br>SSN: xxx-xx-7997,<br><br>Debtor.<br><br><br>LYNN MARTINEZ, Chapter 7 Trustee,<br><br>Plaintiff,<br><br><br>v.<br><br>AMY M. NEARY, and 2349 RAINBOWS END POINT, LLC,<br><br>Defendants. | Case No. 20-10212-JGR<br><br>Chapter 7<br><br><br><br><br><br><br><br>Adversary No. 20-01147 |

## AMENDED COMPLAINT

Lynn Martinez, the Chapter 7 Trustee ("Trustee"), by and through her undersigned counsel, submits her Amended Complaint as follows.

### GENERAL ALLEGATIONS

1. This Court has core jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Additionally, this Court has jurisdiction over matters arising from or related to a case under Title 11 pursuant to 28 U.S.C. § 1334.

2. Pursuant to 28 U.S.C. § 1409(a), venue is proper before this Court.

3. Stephen Anthony Neary ("Debtor") filed his Chapter 7 Bankruptcy Petition on January 13, 2020.

4. The Debtor is married to Amy Neary ("Wife").

5. The Debtor has represented under oath in this bankruptcy and under Fed. R. Bankr. P. 9011 that he is a fifty percent owner of 2349 Rainbows End Point, LLC ("Rainbows End"). See Docket ## 41 and 45.

6. Based upon sworn representations made by the Debtor in this case, the Debtor and Wife are fifty percent owners of Rainbows End.

7. Rainbows End is an insider of the Debtor as defined by C.R.S. § 38-8-102(8).

8. As of May 16, 2016, the Debtor and Wife jointly owned as tenants in common the following real property:

**LOT 70, FLYING HORSE NO. 6/32 FILING NO. 1, COUNTY OF EL PASO, STATE OF COLORADO, also known and numbered as 2349 RAINBOWS END PT COLORADO SPRINGS, CO 80921 ("Real Property")**

9. On May 17, 2016, the Debtor quit claimed his ownership interest in the Real Property to Wife ("the Transfer").

10. The Debtor did not receive consideration or value for the Transfer.

11. The Debtor continued to reside at the Real Property after the Transfer.

12. The Debtor had been sued or threatened with suit by the Colorado Department of Revenue immediately before the Transfer for nonpayment of taxes.

13. On information and belief, the Transfer rendered the Debtor insolvent.

14. On September 17, 2019, the Debtor and Wife executed a Quit Claim Deed transferring ownership of the Real Property to Defendant ("Subsequent Transfer").

15. The Debtor received no value or consideration for the Subsequent Transfer to Defendant.

16. The Debtor had been threatened with suit and was insolvent at the time of the Subsequent Transfer.

17. The Debtor has represented under oath in this Bankruptcy that he owns 50% of Rainbows End as a personal property membership interest, continues to reside at the Real Property, and retains control of the Real Property outside the reach of his personal creditors.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfer of the Real Property**
**Pursuant to 11 U.S.C. § 544 and C.R.S. § 38-8-105(1)(a) – Amy M. Neary)**

18. The Trustee incorporates the prior allegations by reference.

19. The Debtor made the Transfer to Wife with the actual intent to hinder, delay or

2

defraud his present and/or future creditors, including, but not limited to the Colorado Department of Revenue.

20. Pursuant to C.R.S. § 38-8-102(8), Wife is an "Insider" of the Debtor.

21. The Transfer was a transfer of substantially all of the Debtor's assets.

22. The Transfer was made after the Debtor had been threatened with suit or subject to suit.

23. Pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109, the Trustee is entitled to entry of an Order against Amy M. Near setting aside the Transfer.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer of the Real Property Pursuant to 11 U.S.C. § 544 and C.R.S. § 38-8-105(1)(b) -Amy M. Neary)

24. The Trustee incorporates the prior allegations by reference.

25. The Debtor made the Transfer to Wife without receiving reasonably equivalent value in exchange for such transfer.

26. The Debtor made the Transfer at the time when the Debtor reasonably should have believed he would incur debts beyond his ability to pay as they became due.

27. Pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109, the Trustee is entitled to entry of an Order against Amy M. Neary setting aside the Transfer.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer of the Real Property Pursuant to 11 U.S.C. § 544 and C.R.S. § 38-8-105(1)(b) – Rainbows End)

28. The Trustee incorporates the prior allegations by reference.

29. Rainbows End is not a good faith transferee of the Real Property as a subsequent transferee pursuant to C.R.S. § 38-8-109(2).

30. Rainbows End did not pay any consideration or value for the Subsequent Transfer of the Real Property.

31. Pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109, the Trustee is entitled to entry of an Order against Rainbows End setting aside the Subsequent Transfer.

## FOURTH CLAIM FOR RELIEF
### (Sale of Real Property Pursuant to 11 U.S.C. § 363(h))

32. The Trustee incorporates the prior allegations by reference.

33. Partition of the Real Property between the Bankruptcy Estate and Rainbows End is impracticable.

34. Sale of the Bankruptcy Estate's interest in the Real Property would realize significantly less for the Bankruptcy Estate than the sale of the Real Property free and clear of Rainbows End's interest as co-owner.

35. The benefit to the Bankruptcy Estate of a sale of the Real Property fee and clear of Rainbows End's interest in the property outweighs the detriment to Defendant.

37. The Real Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

38. Upon entry of an Order setting aside the Transfer and Subsequent Transfers, the Trustee requests entry of an Order pursuant to 11 U.S.C. § 363(h) authorizing the Trustee to sell both the Bankruptcy Estate's and Rainbows End's interest in the Real Property as co-owners of the Real Property.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief regarding ownership of Rainbows End pursuant to 28 U.S.C. § 2201 - Amy Neary and Rainbows End)

39. The Trustee incorporates the prior allegations by reference.

40. The Debtor has represented under oath in this bankruptcy and under Fed. R. Bankr. P. 9011that he is a fifty percent owner of Rainbows End. See Docket ## 41and 45.

41. Wife claims she is the sole owner of Rainbows End.

42. An actual controversy exists regarding the Debtor's interest in Rainbows End, and whether the Debtor's interest in Rainbows End is property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

43. For the above reasons, the Trustee respectfully requests entry of an Order for a declaration regarding the ownership of Rainbows End and the Bankruptcy Estate's interest in Rainbows End pursuant to 28 U.S.C. § 2201.

WHEREFORE, the Trustee respectfully requests the following relief:

A. On the first claim for relief, entry of an Order setting aside the Transfer pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109;

B. On the second claim for relief, entry of an Order setting aside the Transfer pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109;

C. On the third claim for relief, entry of an Order setting aside the Subsequent Transfer pursuant to 11 U.S.C. § 544, -550 and C.R.S. § 38-8-109;

D. On the fourth Claim for relief, entry of an Order pursuant to 11 U.S.C. § 363(h) authorizing the Trustee to sell both the Bankruptcy Estate's and Rainbows End's interest in the Real Property as co-owners of the Real Property;

E. On the fifth claim for relief, entry of an Order for a declaration regarding the ownership of Rainbows End and the Bankruptcy Estate's interest in Rainbows End pursuant to 28 U.S.C. § 2201; and

F. Such further and alternative relief as the Court deems appropriate.

Dated this 11th day of September 2020.

KRAMER LAW LLC

/S/ Harvey L. Kramer
Harvey L. Kramer, Reg. No. 31239
4101 East Louisiana Avenue, Suite 108
Denver, Colorado 80246
Telephone: (303) 282-4342
Email: hkramer@kramlaw.com
Attorney for Lynn Martinez, Chapter 7 Trustee